UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHLEY SCRUGGS-LOVE                                    CIVIL ACTION 20-3342

VERSUS                                                 SECTION: T(5)

OCHSNER CLINIC FOUNDATION

## ORDER

Before the Court is a 12(b)(5) Motion to Dismiss for Insufficient Service filed by Ochsner Clinic Foundation ("Defendant").[1] Plaintiff filed an opposition,[2] to which Ochsner filed a reply.[3] For the following reasons, the Motion to Dismiss is **GRANTED**.[4]

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Plaintiff's Title VII lawsuit against her former employer. Relevant to the instant motion are Plaintiff's efforts to effectuate service. Plaintiff initiated this action *pro se* on December 8, 2020, but never attempted to serve Defendant despite the issuance of summons on December 9, 2020.[5] On March 1, 2021, Plaintiff's counsel filed a motion to enroll as counsel of record,[6] which the Court granted on March 3, 2020.[7] The following week, on March 10, Plaintiff filed for an extension of time to serve Ochsner, explaining that, at the time of enrollment, Plaintiff's counsel was "unaware that service had not been perfected upon Defendant."[8] Plaintiff's counsel noted that this oversight was due in part to illness and being unable to work at the time Plaintiff retained her services.[9] The Court granted Plaintiff an additional 30 days to serve Ochsner.[10]

---

[1] R. Doc. 10.
[2] R. Doc. 16.
[3] R. Doc. 21.
[4] R. Doc. 10.
[5] R. Doc. 2.
[6] R. Doc. 3.
[7] R. Doc. 4.
[8] R. Doc. 5.
[9] *Id*.
[10] R. Doc. 7.

1

Following the extension, Plaintiff's counsel filed an affidavit of service stating that summons was sent by certified mail to the hospital's main campus, addressed to "R. Vaughn of Ochsner Clinic Foundation" on March 10, 2021.[11] Because the Court marked that filing deficient, Plaintiff thereafter filed a second proof of service on April 13, 2021, again stating that summons was served by mail on the same recipient on March 26, 2021.[12] Defendant filed its Motion to Dismiss two days later, claiming that "Ochsner has no record of receiving the summons and Complaint" but instead learned of this lawsuit "through undersigned counsel based on monitoring of federal court filings."[13] Ochsner additionally notes that it has no record of any employee named "R. Vaughn" and, "in any event, CT Corporation System in Baton Rouge, Louisiana, is [Ochsner's] registered agent for service of process."[14]

Service was finally effectuated on May 7, 2021, the same date on which Plaintiff filed its opposition to the instant motion.[15] Plaintiff's counsel gave the following explanation for its service mishaps:

> "Due to the fact that undersigned counsel was under time constraints to issue service, undersigned counsel used the *Summons in Civil Action* that the Plaintiff provided. Unfortunately, due to a mix-up in oversight, the *Summons in a Civil Action* contained Defendant's principal place of business address rather than the address for its registered agent for service of process. Nonetheless, Plaintiff made a good faith effort to effect service on the Defendant."[16]

---

[11] R. Doc. 8.
[12] R. Doc. 9.
[13] R. Doc. 10-1 at 2.
[14] R. Doc. 10-1 at 3.
[15] R. Docs. 15, 16.
[16] R. Doc. 16 at 1.

2

Defendant rejects the assertion that Plaintiff made a good faith effort to effect service by arguing first that there is no dispute that Plaintiff failed to properly serve Defendant within 90 days of initiating the lawsuit. Second, Defendant maintains that Plaintiff again failed to effectuate service despite moving for and receiving a 30-day extension.[17] Defendant moves the Court to dismiss Plaintiff's action for repeated failures to comply with the federal rules.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to move to dismiss a complaint for improper service of process.[18] When serving a corporation within a United States judicial district, service may generally be perfected by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.[19] The Federal Rules also allow a corporate defendant to be served in the manner prescribed by state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located.[20] If service is not effectuated within 90 days of filing the complaint and if there is no showing of good cause for failure to do so, the case is subject to dismissal without prejudice.[21] When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service.[22] To establish good cause, a litigant must demonstrate "at least as much as would

---

[17] R. Doc. 21.
[18] Fed. R. Civ. P. 12(b)(5); *see also Matherne v. Louisiana*, Civil Action No. 18-3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020)
[19] Fed. R. Civ. P. 4(h)(1).
[20] Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1).
[21] Fed. R. Civ. P. 4(m).
[22] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985).

be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[23]

Reviewing the factual timeline of this case, the Court finds that Plaintiff missed deadlines to effectuate service on two occasions. Further, the Court finds no good cause for those failures. On the date Plaintiff moved for an extension to perfect service, 92 days had already elapsed since the complaint was originally filed.[24] Upon issuance of the 30-day extension, Plaintiff had until and through April 10, 2021 to serve Defendant. Plaintiff missed that deadline also, finally serving Defendant on May 7, 2021. Thus, proper service occurred 150 days after the lawsuit was initially filed and 27 days after the deadline reset by the extension. While good cause may be shown to excuse service issues, mistake of counsel or failure to follow the rules usually does not suffice.[25] The Court acknowledges the shifting nature of Plaintiff's representation and the illness endured by Plaintiff's counsel upon assuming representation, but that hardship offers little explanation for Plaintiff's repeated missteps to effect service by certified mail following the granting of an extension. Indeed, as Defendant underscores, service was attempted by certified mail, which is not proper for a corporation like Ochsner in Louisiana.[26] Accordingly, the lawsuit is dismissed for failure to timely effectuate service of process under Rule 12(b)(5).

---

[23] *Id*. at 1306.
[24] Pro se plaintiff filed the complaint on December 8, 2020. *See* R. Doc. 1.
[25] *Supra* note 23.
[26] *See* Fed. R. Civ. P 4(h)(1); *see also* La. Code Civ. P. art. 1261 (In Louisiana, corporations must be served "by personal service on any one of its agents for service of process."

## **CONCLUSION**

For the foregoing reasons**, IT IS ORDERED** that the Motion to Dismiss for Insufficient Service is **GRANTED**.[27]

New Orleans, Louisiana, this __2nd__ day of August, 2021.

                                              **GREG GERARD GUIDRY**
                                          **UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 10.